After a jury-waived trial, a judge of the Central Division of the Boston Municipal Court Department found the defendant guilty of being a disorderly person.[2] On appeal, the defendant argues that the evidence was insufficient to sustain the conviction and that an in-court identification by the arresting police officer should have been excluded under Commonwealth v. Crayton, 470 Mass. 228 (2014). We affirm.
Discussion. 1. Sufficiency of the evidence of disorderly conduct. "A person is guilty of disorderly conduct if, with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (a) engages in fighting or threatening, or in violent or tumultuous behavior; or ... (c) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." Alegata v. Commonwealth, 353 Mass. 287, 304 (1967). See Commonwealth v. Feigenbaum, 404 Mass. 471, 474 (1989). Tumultuous behavior, for purposes of the offense of disorderly conduct, can include the refusal to obey a police order. See Commonwealth v. Marcavage, 76 Mass. App. Ct. 34, 38 (2009).
Viewed in the light most favorable to the Commonwealth, Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), a rational trier of fact could have found the following facts. The defendant was part of an unruly crowd of loud, agitated, and intoxicated individuals who were on the street, obstructing traffic, at 2 A . M . Multiple police officers, including Boston police Officer Edwin Lopez, formed a police line and commanded the crowd to move out of the street. Although the defendant initially moved backwards, thereafter he rapidly approached the officers in an aggressive manner as Lopez assisted another officer who was arresting a different individual. As Lopez turned toward the direction from which a punch to his face had come, he saw the defendant nearby, being grabbed by the other officer. This evidence was sufficient to permit a trier of fact to conclude beyond a reasonable doubt that the defendant's conduct was disorderly. See, e.g., Marcavage, 76 Mass. App. Ct. at 38 ; Commonwealth v. Sinai, 47 Mass. App. Ct. 544, 548-549 (1999). Furthermore, this same evidence is sufficient to permit a trier of fact reasonably to find beyond a reasonable doubt that the defendant consciously disregarded a substantial and unjustifiable risk of public inconvenience, annoyance, or alarm. See Feigenbaum, 404 Mass. at 474-475.
2. In-court identification by officer who assisted in arresting defendant. The defendant's objection to Lopez's in-court identification fares no better because the identification falls squarely within the "good reason" exception as set forth in Crayton, 470 Mass. at 242. Lopez witnessed the defendant's conduct that gave rise to the charge and identified the defendant as the individual he had arrested and transported to the station in relation to that charge.
Of course, the Commonwealth should have filed a motion in limine seeking permission to admit Lopez's identification testimony, id. at 243 ; however, the defendant was not prejudiced. Id. at 249. The issue was fully aired before the in-court identification was permitted, and the judge properly held that there was good reason to allow it, as set forth supra.
Judgment affirmed.

At the conclusion of the Commonwealth's case, the judge allowed the defendant's motion for a required finding of not guilty on the charge of assault and battery on a police officer.